UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HELEN A. DOUGHTY, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )  No. 1:25-cv-00380-NT |
| | ) |
| GATEWAY TITLE and | ) |
| TED WIEDERHORN, | ) |
| | ) |
| Defendants | ) |

## RECOMMENDED DECISION AFTER PRELIMINARY REVIEW

Because the Court granted Helen A. Doughty's motion to proceed *in forma pauperis*, *see* ECF No. 7, her complaint is now before me for preliminary review, *see* 28 U.S.C. § 1915(e)(2)(B) (providing that a court must dismiss an action brought *in forma pauperis* if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief").

In her complaint, Doughty identifies herself as "a living woman" and the beneficiary of the "Helen Doughty Estate Trust." ECF No. 1-1 at 1.  She alleges that Gateway Title, Ted Wiederhorn, and "John and/or Jane Does 1-100" have breached their fiduciary duty by interfering with the Trust's property by denying her access to it and unlawfully conveying, converting, or encumbering it.  *Id.*  She invokes federal question jurisdiction on the basis that the Defendants' actions have denied her due process, and requests that the Court grant her emergency relief, issue a declaratory judgment, return Trust property to her, and award her $100,000,000 in damages.

1

*See id.* at 1-2.  In a separate emergency motion, she asks the Court to stay related a related state court case "involving eviction, denial of access, or transfer of estate property held in trust." ECF No. 6 at 1-2.

There are several fatal problems with Doughty's complaint.

First, Doughty does not allege facts sufficient to support the existence of federal question jurisdiction.  She contends in vague terms that the Defendants violated her due process rights but does not allege that any of them are state actors or that they were otherwise acting under color of law.  *See generally* ECF Nos. 1 to 1-1.  In such circumstances, the Defendants are not amenable to suit for alleged constitutional violations.  *See Tomaiolo v. Transamerica Corp.*, 131 F. Supp. 2d 280, 296 (D.R.I. 2001) ("Generally, private parties . . . are beyond the purview of [due process protections] and [42 U.S.C.] § 1983.") (quoting *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988)).  With no colorable question of federal law, this Court lacks jurisdiction over this matter.  *Cf. Lawless v. Steward Health Care Sys.*, 894 F.3d 9, 18 (1st Cir. 2018) ("[A federal] court has jurisdiction to decide a case so long as the plaintiff has alleged a colorable federal claim.").[1]

Second, even setting aside jurisdictional issues, Doughty's complaint lacks sufficient detail to state a claim.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that a complaint fails to state a claim when it does not plead "enough

---

[1] Diversity does not provide a jurisdictional hook either as it appears that Doughty and the Defendants are all citizens of Maine.  *See* ECF No. 1 at 2-3; *BRT Mgmt. LLC v. Malden Storage LLC*, 68 F.4th 691, 695 (1st Cir. 2023) ("Under [28 U.S.C. § 1332], . . . diversity must be complete; that is, no plaintiff may be a citizen of the same state as any defendant.").

facts to state a claim to relief that is plausible on its face"); *Byrne v. Maryland*, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020) (rec. dec.) (noting that an unrepresented plaintiff's complaint must still contain "the crucial detail of who, what, when, where, and how" in order to provide fair notice of what the claims are and the grounds upon which they rest), *aff'd*, 2020 WL 2202441 (D. Me. May 6, 2020)

Third, the *Younger* abstention doctrine prevents this Court from interfering with ongoing state court proceedings as Doughty requests. *See* ECF No. 6 at 1; *Younger v. Harris*, 401 U.S. 37, 43-44 (1971) (noting that federal courts do not interfere with ongoing state court proceedings for reasons of comity, "that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways").

Finally, although Doughty disavows any intent "to advance sovereign citizen theories or rejected legal doctrines," ECF No. 9-2 at 1, her complaint and accompanying motions have all the hallmarks of frivolous sovereign citizen pseudolitigation. Indeed, her strange name spelling ("Helen-Amy: Doughty"); unnecessary clarification that she is a "living woman"; indications that she is proceeding "sui juris"; and jumbled references to trusts, estates, and the Uniform Commercial Code, all suggest that her claims are rooted in patently frivolous legal theories. ECF No. 1-1 at 1; ECF No. 12 at 1; *see Cargill v. United States*, No. 25-175,

3

2025 WL 1218231, at *5 (Fed. Cl. Apr. 28, 2025) ("[E]ven if plaintiff does not embrace the sovereign citizen label, we can construe her claims as rooted in that theory, as the claims and documents mirror those that have been previously brought and dismissed before us. And because sovereign citizen claims are legal fiction, we must dismiss the plaintiff's claims as frivolous." (cleaned up)).

For all these reasons, I recommend that the Court **DISMISS** Doughty's complaint and **MOOT** her other pending motions (ECF Nos. 6, 8, 10-12).

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: July 24, 2025

/s/ Karen Frink Wolf
United States Magistrate Judge